### Edward W. Clark et al. v. Charles H. Bunker, Assignee of Belding Motor and Mfg. Co., Insolvent.

1. RECORDS—*Sufficiency of Clerk's Certificate.*—A certificate of the clerk stating that the record is complete as per *praecipe* is indefinite and insufficient.

**Memorandum.**—Appeal from an order of the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard at the October term, 1894, and dismissed. Opinion filed December 6, 1894.

SYDNEY RICHMOND TABER, attorney for appellants.

SMITH, SHEDD & UNDERWOOD, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The present appeal was taken from an order entered by the County Court of Cook County in the matter of the Belding Motor and Manufacturing Company, insolvent, directing the acceptance of a bid of $1,000 for the assignee's interest in a certain lot of machinery, motors, tools, etc.

We are asked in this case to set aside an order of the Circuit Court directing the acceptance of a bid of $1,000 for the interest of an insolvent estate in a quantity of personal property which, having been used for some time by the assignor, neither brings in nor is shown to be capable of producing any income to the estate, but on the contrary must be a constant source of at least small expense; this we are asked to do, because it is said that it is shown that the property is worth much more than the bid made there-

for, various people having so testified, and because the appellants will get nothing upon their claim, if the bid be accepted.

In the face of full public notice of a contemplated sale and the entire absence of any evidence of fraud or collusion, and in the face of the fact that interested parties produce no one who is willing to give more, and do not themselves offer to bear the expense of, or probable loss arising from another attempt to sell, opinions of individuals that the bid is for too small a sum, are of little value.

We are not in the present case called upon to say that the bid should have been ordered to be accepted.

The certificate of the clerk is that the record is complete as *per praecipe;* turning to the *praecipe* we find that many previous orders and attempts to sell this property may have been made, and that it may be that the order appealed from is the result of repeated attempts to get more. There is no showing that the orders certified here are all that the County Court made upon this subject.

We do not wish in disposing of this case to be understood as holding that such an order as that here complained of is one from which an appeal may be taken; as to this, we express no opinion.

The appeal taken to this court is dismissed.